IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

```
F I L E D

JAN - 8 2010

CLERK. U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA
```

WARREN KATZ,                           )
                                       )
      **Plaintiff,**                     )
                                       )
      v.                               )      **Case No. 1:09cv1106**
                                       )
HOLLAND & KNIGHT LLP, et al.,          )
                                       )
      **Defendants.**                    )

## ORDER

The matter is before the Court on defendants' motion to dismiss.  Plaintiff, proceeding

*pro se*, alleges that defendants, his former counsel, are liable for (i) negligence, (ii) breach of

contract, and (iii) "breach of duties of an agent."  Defendant contends that this suit should be

dismissed because (i) the doctrine of *res judicata* bars litigation of these claims because of a prior

action in this Court arising from substantially the same conduct, (ii) this individual plaintiff lacks

standing to assert claims of malpractice and breach of contract by defendants, (iii) these claims

are time-barred, and (iv) plaintiff has failed to state a valid claim for relief.  Proper *Roseboro*

notice was served, and the matter was been fully briefed and argued.  This Order memorializes

the ruling issued from the bench after a hearing held on January 8, 2010.

The claims in this case arise out of a 2003 copyright infringement suit that defendants

brought on behalf of Wrenn Associates, Limited, a Virginia corporation owned by plaintiff

(hereinafter "2003 lawsuit").  That lawsuit was eventually settled prior to trial.  *See Wrenn*

*Assocs, Ltd. v. Residential Design Group, Inc.*, No. 1:04cv0354 (E.D. Va. Oct. 27, 2004) (Ellis,

J.) (Stipulated Dismissal).  Plaintiff, apparently dissatisfied with the resolution of that lawsuit,

filed a civil action against defendants in 2008 (hereinafter "2008 lawsuit"), alleging fraud and a breach of fiduciary duties, and requesting damages and declaratory relief. That lawsuit was dismissed as time-barred, and because the request for declaratory relief did not state a valid, live controversy. *See Katz v. Holland & Knight LLP*, No. 1:08cv1137 (E.D. Va. Feb. 12, 2009) (Ellis, J.) (Order). Then, on October 1, 2009, plaintiff brought this suit against the same defendants. Importantly, the factual allegations contained in the complaint all arise from alleged breaches of tort and contractual duties that occurred during and in connection with the 2003 lawsuit—in other words, they concern the same events as the 2008 lawsuit.

In this Circuit, *res judicata* applies to claims when: (i) there was a final judgment on the merits in a prior suit, (ii) both suits arise under the same "cause of action," and (iii) there is mutual privity of parties in both suits. *Pueschel v. United States*, 369 F.3d 345, 354–54 (4th Cir. 2004). With respect to the first requirement, the Rules define when a federal court judgment is "on the merits":

> Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Rule 41(b), Fed. R. Civ. P. Importantly, the Fourth Circuit has expressly held that a dismissal on statute of limitations grounds is an adjudication on the merits. *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1180 (4th Cir. 1989). Applying this rule, the dismissal of the fraud and breach of fiduciary duties claims in the 2008 lawsuit on statute of limitations grounds was a final judgment on the merits as that term is understood by the Rules and in this Circuit.

Plaintiff, arguing that the Order dismissing the 2008 lawsuit was not on the merits, points

Case 1:09-cv-01106-TSE-IDD   Document 15   Filed 01/08/10   Page 3 of 5

to language in that Order stating that it "does not reach or decide the merits of any properly pled malpractice claim brought by a proper plaintiff." *Katz v. Holland & Knight LLP*, No. 1:08cv1137 (E.D. Va. Feb. 12, 2009) (Ellis, J.) (Order). Plaintiff misreads this sentence to suggest that the Order did not decide the merits of plaintiff's case. But its plain language shows that it merely intended to convey that the dismissal did not address any hypothetical malpractice claim that could conceivably have been brought by Wrenn Associates, Limited. It certainly did not covert an on-the-merits dismissal to one that was not on the merits, nor did it invite plaintiff to file another lawsuit against the same defendants asserting the same claims. Thus, the first requirement of the *res judicata* doctrine—that the prior suit resulted in a final judgment on the merits—is clearly met here.

The second requirement—that both suits arise from the same cause of action—is also met. In this regard, it is well established that the doctrine of *res judicata* exists not only to bar claims that were *actually* litigated in a prior suit, but also those that *could have* been litigated previously. *Pueschel*, 369 F.3d at 355–56 (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Thus, the relevant test is not, as plaintiff contends, whether the claims alleges are identical, but instead, the analysis "turns on whether the suits and the claims asserted therein 'arise out of the same transaction or series of transactions or the same core of operative facts.'" *Pueschel*, 369 F.3d at 355 (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996). With this test in mind, there can be no doubt that this lawsuit and the 2008 lawsuit arise from the same transaction or series of transactions. Indeed, the Order dismissing the 2008 lawsuit noted at the time that the "claims of fraud and breach of fiduciary duty are arguably mere

-3-

disguises for a legal malpractice claim" stemming from the 2003 lawsuit. *Katz v. Holland &*

*Knight LLP*, No. 1:08cv1137 (E.D. Va. Feb. 12, 2009) (Ellis, J.) (Order). As plaintiff essentially

acknowledges, he now asserts claims that arise from the same facts as the previous lawsuit. Both

the instant lawsuit and the 2008 lawsuit allege that defendants breached various duties to plaintiff

in connection with their conduct during and in connection with the 2003 lawsuit. Thus, both

suits clearly related to the same transaction or occurrence, and so the second element is met.

Finally, there is no dispute that the parties are identical in this suit and in the 2008

lawsuit. The exact same plaintiff claims that he is entitled to relief from precisely the same

defendants. Thus, the third element—identity of the parties—is also met.

Thus, it is pellucidly clear that this suit is barred by the doctrine of *res judicata*. Because

the suit must be dismissed accordingly, the Court declines to address the alternative grounds for

dismissal raised by defendants.

Accordingly, and for good cause,

It is hereby **ORDERED** that defendant's motion to dismiss this case (Docket No. 4) is

**GRANTED**. Accordingly, this case is **DISMISSED**.

Should plaintiff wish to appeal, he must file a written notice of appeal with the Clerk's

Office within thirty (30) days of the date of this Order. Fed. R. App. P. 4(a). A written notice of

appeal is a short statement stating a desire to appeal this Order and noting the date of the Order

plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by

the Court of Appeals.

The Clerk is directed to send a copy of this Order to the *pro se* plaintiff and to all counsel of record. The Clerk is further directed to place this matter among the ended causes.


Alexandria, Virginia
January 8, 2010

_____
T. S. Ellis, III
United States District Judge